## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| RICKORIAN STIDIMIRE and | ) | Case No. 16-31673 |
| CHRISTINE STIDIMIRE, | ) | |
| | ) | |
| Debtors. | ) | Adversary No. |
| | ) | |
| | ) | |
| ROBERT E. EGGMANN, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PELICAN AUTO FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO AVOID LIEN, PURSUANT TO 11 U.S.C. § 547(c)(3)(B)

COMES NOW Robert E. Eggmann, Chapter 7 Trustee for the bankruptcy estate of Debtors Rickorian Stidimire and Christine Stidimire, and for his Complaint to Avoid Lien, Pursuant to 11 U.S.C. § 547(c)(3)(B), respectfully states as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. § 544. This is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. Trustee brings this Complaint in accordance with the provisions of 11 U.S.C. §§ 547 and 550.

4. Debtors Rickorian Stidimire and Christine Stidimire ("Debtors") filed their Chapter 7 Petition in Bankruptcy on November 2, 2016 (the "Petition Date"). Robert E. Eggmann is the qualified and duly appointed Trustee in Bankruptcy ("Trustee").

5. Defendant Pelican Auto Finance, LLC ("Defendant" or "Pelican Auto") is a Delaware limited liability company, doing business in the State of Illinois, and may be served with process in care of its registered agent Incorp Services Inc. at 901 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

6. In their Bankruptcy Schedule B of Personal Property, Debtors listed a 2011 Dodge Nitro VIN 1D4PU2GK1BW520359 (the "Vehicle"). In their Bankruptcy Schedule D, Debtors indicated that the Vehicle was subject to a lien in favor of Pelican Auto.

7. On April 6, 2017, this Court entered its Agreed Order [Doc. 20], granting Debtors up to and including April 30, 2017 in which to surrender the Vehicle to Trustee's agent.

## COUNT I
**(Avoidance of Preferential Transfer)**

COMES NOW Plaintiff Robert E. Eggmann and for Count I of his Complaint to Avoid Lien states as follows:

8. Trustee restates and realleges the allegations contained in Paragraphs 1 through 7 of this Complaint as if more fully set forth herein.

9. Pursuant to the Certificate of Title issued by the State of Illinois with respect to the Vehicle (the "Title"), Debtors purchased the Vehicle on or about September 8, 2016 and granted a lien on the Vehicle in favor of Pelican Auto. A copy of the Title is attached hereto as Exhibit A and incorporated herein by this reference.

10. The Title to the Vehicle was not issued by the State of Illinois until October 17, 2016, which was more than thirty (30) days after the date upon which Debtors purchased and received possession of the Vehicle.

11. Pursuant to 11 U.S.C. §547(c)(3)(B), Pelican Auto had thirty (30) days from the date of purchase to perfect its lien. Accordingly, Pelican Auto failed to perfect its lien in a timely

manner.

12. In addition, the lien was perfected within the ninety (90) days immediately prior to the Petition Date.

13. The perfection of Pelican Auto's lien on the Vehicle constitutes a transfer within the meaning of 11 U.S.C. §§ 101(54) and 547 (hereinafter the "Transfer").

14. The Transfer by the Debtors to Pelican Auto was made on account of an antecedent debt owed by the Debtors to said Defendant.

15. The Debtors were insolvent when the Transfer was made.

16. The Transfer was made within ninety (90) days before the Petition Date.

17. The Transfer made by the Debtors to the Pelican Auto enabled the Defendant to receive more than said Defendant would have received if the Transfer was not made and Defendant received a distribution pursuant to Chapter 7 of the Bankruptcy Code.

18. The Transfer by the Debtors to the Defendant is avoidable under 11 U.S.C. §547.

19. Avoidance of Pelican Auto's lien on the Vehicle will facilitate Trustee's ability to realize the equity in the Vehicle for the benefit of Debtors' creditors.

WHEREORE, Trustee Robert E. Eggmann respectfully prays this Court enter an Order:

a. avoiding the preferential lien of Defendant Pelican Auto;

b. disallowing any and all claims filed by Defendant or any amounts owed to Defendant according to Debtor's schedules, pursuant to 11 U.S.C. §502(d); and

c. granting such other and further relief as this Court deems just and proper.

## COUNT II
**(Recovery of Transfer)**

COMES NOW Plaintiff Robert E. Eggmann and for Count II of his Complaint to Avoid Lien states as follows:

20. Trustee restates and realleges the allegations contained in Paragraphs 1 through 19 of this Complaint as if more fully set forth herein.

21. Since Pelican Auto is the "initial transferee" of the Transfer, Trustee may recover the full amount of the Transfer from Defendant for the benefit of the bankruptcy estate, pursuant to 11 U.S.C. §550(a).

22. Trustee is entitled to interest accrued at the Federal Rate of Interest from the date of demand or the date of service of this Adversary Complaint, whichever is earlier.

WHEREFORE, Trustee Robert E. Eggmann respectfully prays this Court enter an Order:

a. recovering the full amount of the Transfer to Defendant Pelican Auto;

b. disallowing any and all claims filed by Defendant Pelican Auto or any amounts owed to Defendant according to Debtors' schedules pursuant to Title 11 U.S.C. §502(d); and

c. granting such other and further relief as this Court deems just and proper.

**THE ABOVE DEFENDANT IS HEREBY NOTIFIED THAT AN APPROPRIATE RESPONSE, IF ANY, MUST BE FILED NO LATER THAN THIRTY (30) DAYS FROM THE DATE OF THE SUMMONS ATTACHED HERETO. ABSENT A TIMELY RESPONSE, AN ORDER GRANTING THE PRAYER OF THE PLAINTIFF-TRUSTEE'S COMPLAINT MAY BE ENTERED BY THE COURT WITHOUT FURTHER HEARING.**

          ROBERT E. EGGMANN, TRUSTEE

          */s/ Robert E. Eggmann*
By:_____
One of his Attorneys

Robert E. Eggmann, Illinois Bar # 6203021
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com

**EXHIBIT A**

# STATE OF ILLINOIS
## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1D4PU2GK1BW520359 | | DODGE | NITRO | CARRYALL | 1629 6933 09 |

1D4PU2GK1BW520359

| DATE ISSUED | ODOMETER | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|
| 10/17/16 | 114662 | | 09/08/16 USED | ORIGINAL |

114662

**MAILING ADDRESS**

PELICAN AUTO FINANCE, LLC
5 CHRISTY DR STE 204
CHADDS FORD  PA  19317-9674

**LEGEND(S)**

ACTUAL MILEAGE

**OWNER(S) NAME AND ADDRESS**
RICKORIAN STIDIMIRE
CHRISTINE STIDIMIRE
54 DELORES DR
EAST SAINT LOUIS  IL  62206-2755

**FIRST LIENHOLDER NAME AND ADDRESS**
PELICAN AUTO FINANCE, LLC
5 CHRISTY DR STE 204
CHADDS FORD  PA  19317-9674

**SECOND LIENHOLDER NAME AND ADDRESS**

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____
Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.
Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
   **WARNING-ODOMETER DISCREPANCY.**

NO TENTHS
▶ ODOMETER READING

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____
I am aware of the above odometer certification made by seller.
DATE OF SALE _____
Signature(s) of Buyer(s) _____ Printed Name _____

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF
CONTROL NO      THE STATE OF ILLINOIS AT SPRINGFIELD

M7014084

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**